### CLARA M. LUNDE v. CONGOLEUM-NAIRN, INC. AND ANOTHER.[1]

January 2, 1942.

No. 32,974.

*Gleason, Ward & Orff,* for relator.
*Reynolds & McLeod,* for respondents.

STONE, JUSTICE.

Relator is the widow of Elmer Lunde, whom death overtook on the evening of June 28, 1940. Mr. Lunde was then a traveling

[1]Reported in 1 N. W. (2d) 606.

salesman employed by respondent Congoleum-Nairn, Incorporated. His territory did not include St. Paul or Minneapolis or any part of either. His home and business headquarters were in Fargo, North Dakota. On the day fatal to him he was in Minneapolis attending a sales conference. That function completed, he made contact early in the evening with Mr. Foster, an agent of the Aetna Insurance Company, whose home and headquarters were in Minneapolis. Pursuant to a telephone appointment, he met Mr. Foster at the latter's office. Lunde was to return by night train to Fargo, leaving Minneapolis at about 11 p. m. The intervening hours were his own. Apparently he was looking forward to spending it, or at least part of it, with Mr. Foster, whom he had met on his travels in northern Minnesota. Mr. Foster had a conflicting engagement with a young lady living in the northern limits of St. Paul, over three miles from downtown Minneapolis. Upon telephoning her, Foster was informed that another young lady was with her at her home.

The two men, Lunde and Foster, then agreed that they would go for the girls and bring them back to Minneapolis for such entertainment as could be had before the departure of Lunde for Fargo. On the way out of Minneapolis to keep their appointment with the ladies, the automobile accident fatal to Lunde occurred. Foster was also injured, and his claim for compensation was heard together with this case. See opinion filed herewith in Foster v. Aetna Ins. Co. 211 Minn. 490, 1 N. W. (2d) 608.

For relator, it is insisted, with misplaced confidence, that as matter of law compensation should be granted under the rule of the "traveling men's cases," e. g., Howlett v. Midwest Distributors, Inc. 202 Minn. 247, 277 N. W. 913. Precisely, the argument is that "so long as Lunde did the natural and customary thing which any salesman would do who had a roving commission such as his, and had four hours' time to kill waiting for a train, he was covered by the [compensation] Act."

Such argument assumes that it is impossible for a traveling man, even though he be otherwise and mostly engaged on his em-

ployer's business, to so depart therefrom on an enterprise of his own as to put him for the time being beyond coverage of the law. Obviously he may do so. Upon abundant evidence, the triers of fact have found that Mr. Lunde did just that.

We do not overlook argument that Lunde and Foster, whose acquaintance had been neither long nor intimate, may have been looking forward to mutual business assistance. The idea is that Lunde was a prospect for Foster, who hoped to sell him insurance. Coupled with that is suggestion, based on evidence which is by no means compelling, that Lunde felt that Foster might aid him in the sale of linoleum. In all of its aspects, the evidence assigned in support of such argument is not compelling.

There is nothing to suggest that the two ladies, who were to be guests for the evening of Foster and Lunde, were other than of the highest character. Concerning them, the two men, and their intentions for the evening, no ulterior motives are to be presumed. That in no wise weakens the conclusion of the industrial commission. Assuming that a finding the other way could have been sustained (which we do not decide), there remains in the evidence abundant basis for the finding that for the occasion Mr. Lunde was in no wise serving his employer, or engaged in the latter's business even remotely, but, on the contrary, had gone off on an enterprise of his own.

Basically, the argument for relator is wrong in its seeming assumption that factors of time and place are decisive. It ignores the real determinant, which is the employe's activity of the moment. Mr. Lunde's activity of the moment was wholly his own and, as found below, beyond the scope of his employment. That a traveling salesman is within his own "territory" does not bring all his actions away from home within the compensation act. The risks of diversions on errands and for reasons personal to him are not all occupational as matter of law. There is no suggestion that either of the ladies was a prospective buyer of insurance or linoleum. It would strain both credulity and generosity to hold that the fatal mishap arose out of and in the course of the em-

ployment of either Lunde or Foster. Too reasonable is the conclusion that course of employment of both was left for the time being for a detour leading to pleasure rather than business effort.

There is some, but not much, conflict in the testimony. Assuming, however, that reasonable inferences from the evidence are in conflict, and that reasonable minds might draw those favorable to relator, reasonable minds have adopted those favorable to respondents. Even though evidence is not in conflict, yet if it is open to conflicting inference, the decision of the triers of fact is final. Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678. This, at best, is such a case. The negative prevailed, a not unusual result where there is so much of reasonable inference against the affirmative.

Affirmed.