[S. F. No. 19470.   In Bank.   May 29, 1956.]

BERENICE MARIE WISEMAN et al., Petitioners, v. IN-
DUSTRIAL ACCIDENT COMMISSION et al., Re-
spondents.

Henry G. Sanford and John R. Smith for Petitioners.

Everett A. Corten, T. Groezinger, Daniel C. Murphy and Leonard, Hanna & Brophy for Respondents.

TRAYNOR, J.—Decedent, Lloyd A. Wiseman, a vice president of a San Francisco bank, died of asphyxiation and burns in a hotel room in New York City. He was in that city on bank business, and his traveling expenses, including his hotel bills, were paid by the bank. A woman, not his wife but registered as such, was found unconscious in his room and died shortly thereafter. There was evidence that they had been drinking. Sometime between 4 and 5 in the morning of his death, Wiseman telephoned the hotel manager for help because of a fire in his room. After calling the fire department, the manager went to the room but was unable to open the door with his passkey. Firemen arrived shortly thereafter and broke into the room but were too late to save the occupants. It was the opinion of the assistant fire marshal that the fire was caused by careless smoking by either one or both of the occupants.

Petitioners, the widow and minor daughter of the employee, filed claims as his dependents with the Industrial Accident Commission for death benefits. The referee made an award in favor of petitioners, but a panel of the commission granted the employer's petition for reconsideration, vacated the referee's award and findings, and denied petitioner's claim. Their petition for reconsideration was denied, and they brought this proceeding to review the award.

The commission's jurisdiction is not questioned. (See Lab. Code, § 5305;* *Alaska Packers Assn.* v. *Industrial Acc. Com.,* 294 U.S. 532 [55 S.Ct. 518, 79 L.Ed. 1044].)

"As a general rule a commercial traveler is regarded as acting within the course of his employment during the entire period of his travel upon his employer's business. His acts in traveling, procuring food and shelter are all incidents of the employment, and where injuries are sustained during the course of such activities, the Workmen's Compensation Act applies." (*Dalgleish* v. *Holt,* 108 Cal.App. 2d 561, 566 [237 P.2d 553]; *California C. I. Exchange* v. *Industrial Acc. Com.,* 5 Cal.2d 185, 186 [53 P.2d 758].) Respondents contend, however, that this rule is inapplicable in this case on the grounds that the employee was occupying the hotel room for an immoral and unlawful purpose (N.Y.

---

*"The commission has jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this State in those cases where the injured employee is a resident of this State at the time of the injury and the contract of hire was made in this State. Any such employee or his dependents shall be entitled to the compensation benefits provided by this division."

Pen. Code, §§ 100-102) and that petitioners failed to prove that the fire was owing to the negligence of the employee rather than his companion.

Whether or not the employee was occupying the room for an immoral and unlawful purpose of his own, he was also occupying it as a necessary incident of his employment, which required him to be away from home in New York. ■ "The established rule was repeated in *Ryan* v. *Farrell*, 208 Cal. 200, 204 [280 P. 945], viz.: That where the employee is combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly or indirectly could he have been serving his employer. [Citations.]" (*Lockheed Aircraft Corp.* v. *Industrial Acc. Com.*, 28 Cal.2d 756, 758-759 [172 P.2d 1].)

■ The fact that the employee had a guest in his room while he was off duty in no way detracted from the fact that he was also there on his employer's business, and since the employee's fault is irrelevant if the requirements of the law are met, it is immaterial that the employee's personal purpose in having a guest in his room was immoral and unlawful. (See Cal. Const., art. XX, § 21; Lab. Code, § 4551; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 38 Cal.2d 659, 660-661 [242 P.2d 311]; *State Emp. etc. System* v. *Industrial Acc. Com.*, 97 Cal.App.2d 380, 383 [217 P.2d 992].)

■ Similarly, we do not believe that the fact that the fire may have been started by the careless smoking of the employee's companion justifies the conclusion that petitioners failed to prove that the death arose out of and was proximately caused by the employment. (Lab. Code, § 3600.) ■■ In *Madin* v. *Industrial Acc. Com.*, ante, p. 90 [292 P.2d 892], we pointed out that "If we look for a causal connection between the employment and injury, such connection need not be the sole cause; it is sufficient if it is a contributory cause" (*ante*, p. 92), and that "Where the injury occurs on the employer's premises, while the employee is in the course of the employment, the injury arises out of the employment unless the connection is so remote from the employment that it is not an incident of it." (*Ante*, at 94-95.) ■ Injuries caused by careless smoking while the employee is in the course of his employment are not so remotely connected with the employment that they do not

arise out of it (*Whiting-Mead Coml. Co.* v. *Industrial Acc. Com.*, 178 Cal. 505, 507-508 [173 P. 1105, 5 A.L.R. 1518]), and in this respect no reasonable distinction may be drawn between careless smoking on the part of the employee and careless smoking on the part of others. ▮ Thus there is nothing unusual in the fact that a traveling employee may entertain guests in his room who smoke, and the risk that such a guest may start a fire and injure the employee is just as much a risk of the employee's presence in the room on his employer's business as the risk that he will himself start a fire by his own careless smoking. ▮ Moreover, in the absence of some direct connection between the immoral and unlawful purpose and the risk of fire, the existence of such purpose cannot justify the conclusion that the connection between the injury and the employment "is so remote from the employment that it is not an incident of it." ▮ The risk of fire was in no way increased, or any more or less related to his employment, because the employee brought his companion to his room for an immoral and unlawful rather than for a moral and lawful purpose. Accordingly, we conclude that the employee's purpose was so unrelated and collateral to the risk of fire that caused his death that it did not destroy the necessary causal connection between the employment and the death.

The award is annulled.

Gibson, C. J., Carter, J., Schauer, J., and McComb, J., concurred.

SPENCE, J.—I dissent.

The respondent commission made a finding that "Said employee did not sustain an injury arising out of and occurring in the course of employment on October 5, 1952." The majority opinion annuls the award based upon that finding and necessarily holds, as a matter of law, that the injury was one "arising out of" and "proximately caused" by the employment. (Lab. Code, § 3600.) In my opinion, the evidence clearly indicates that the injury arose out of, and was proximately caused by, an alcoholic and adulterous debauch while the employee was engaged in "a frolic of his own," and that it cannot be said, as a matter of law, that it arose out of and was proximately caused by his employment.

The authorities do not sustain the theory that every injury which is sustained by a traveling employee from the time

he leaves home until his return is a compensable injury. The general rule to which petitioners allude is set forth in *Dalgleish* v. *Holt,* 108 Cal.App.2d 561, 566 [237 P.2d 553], but it is there said: ''However, this rule does not embrace all activities of a commercial traveler irrespective of their connection with the purposes of the employment. The conditions essential to compensation as set forth in section 3600 of the Labor Code apply equally to traveling employees; the status of an employee as a traveling salesman does not change a course of action which is not within the scope of the employment to one that is.'' In that case, as well as in the so-called Lund case (*State Emp. etc. System* v. *Industrial Acc. Com.,* 97 Cal.App.2d 380 [217 P.2d 992]), upon which petitioners strongly rely, the question was held to be one of fact under the evidence presented. The most that can properly be said here is that the question was one of fact rather than of law, which question has been resolved by the commission against petitioners.

The language used in affirming the denial of a claim in *Lunde* v. *Congoleum-Nairn, Inc.,* 211 Minn. 487 [1 N.W.2d 606], appears germane to the present discussion. It was there said at page 607 [1 N.W.2d] : ''Basically, the argument for relator is wrong in its seeming assumption that factors of time and place are decisive. It ignores the real determinant which is the employe's activity of the moment. [Decedent's] activity of the moment was wholly his own and, as found below, beyond the scope of his employment. That a traveling salesman is within his own 'territory' does not bring all his actions away from home within the compensation act. The risks of diversions on errands and for reasons personal to him are not all occupational as matter of law. . . . Too reasonable is the conclusion that course of employment of both was left for the time being for a detour leading to pleasure rather than business effort.'' (See also *Woodring* v. *United Sash & Door Co.,* 152 Kan. 413 [103 P.2d 837] ; *Warren* v. *Globe Indem. Co.,* (La.App.) 30 So.2d 346; *Southern Casualty Co.* v. *Ehlers,* (Tex.Civ.App.) 14 S.W.2d 111; *United States Fid. & Guar. Co.* v. *Skinner,* 188 Ga. 823 [5 S.E.2d 9] ; *Hurley* v. *Lowe,* 168 F.2d 553.)

It may be conceded that the illegality or immorality of the acts of an employee do not compel a denial of compensation in all cases, but they were material here for the consideration of the commission in determining whether the injury to the

employee arose out of and was proximately caused solely by a purely personal activity which was not reasonably contemplated by his employment. Petitioners do not urge that the illegal and immoral conduct of decedent here was reasonably contemplated, and the commission properly concluded that it was not. It follows that as the commission could reasonably infer that the injury and death arose out of and were proximately caused solely by such purely personal and uncontemplated activity, its finding that the injury did not arise out of the employment finds ample support in the evidence. The general language of the cases involving injuries incurred by the employee while engaged in reasonably contemplated activities on the employer's premises or in accommodations furnished by the employer is therefore not in point here, and does not support the conclusion that the award of the commission should be annulled.

It seems clear that if a traveling employee should meet his death as the result of being shot by an intended victim while engaged in an illegal and uncontemplated personal activity such as an attempted robbery or an attempted rape by the employee of a guest in the employee's hotel room, such death would be held noncompensable as a matter of law. It would arise out of and be proximately caused solely by the illegal and uncontemplated personal activity rather than the employment. It seems equally clear here that the commission could and did properly determine from the evidence, as a matter of fact, that the death arose out of and was proximately caused solely by the illegal and uncontemplated personal activity of the deceased employee rather than the employment.

I would therefore affirm the award of the respondent commission denying compensation.

Shenk, J., concurred.