[Civ. No. 50527. Second Dist., Div. One. Jan. 31, 1978.]

IBM CORPORATION et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
ANNIE L. KORPELA, Respondents.

COUNSEL

Kendig, Stockwell & Gleason and Harvey G. Johnson, Jr., for Petitioners.

Charles L. Swezey, Philip M. Miyamoto, Thomas J. McBirnie, Taus & Myers and Irachmil B. Taus for Respondents.

OPINION

THOMPSON, J.—This proceeding for a review of a determination of the Workers' Compensation Appeals Board raises a narrow issue of application of the "commercial traveler rule." ■ We apply a liberal interpretation of the rule as mandated by *Wiseman* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 570 [297 P.2d 649]. Accordingly, we uphold a determination of the board finding that a worker killed in an automobile accident was then within the course of his employment where: (1) the worker was sent by his employer from his home base in California to a

training facility of the employer in Chicago, Illinois; (2) the employer paid the worker's transportation to Chicago and allowed him a per diem to cover lodging and meals for the entire training period; (3) the employer required the employee to work only Monday through Friday; (4) the employer was aware of and encouraged the employee to visit relatives in Kenosha, Wisconsin, 59 miles from Chicago; and (5) the worker was killed while returning to Chicago from a weekend visit to his relatives in Kenosha in the midst of the period of his assignment to Chicago.

*Facts*

In 1974, Thomas Korpela was employed by IBM Corporation as a "technical support representative." His permanent place of employment was an IBM facility in California. Early in July of 1974, Korpela was assigned by his supervisor to a 10-day training program at IBM's Chicago, Illinois, facility. Korpela's relatives lived in Kenosha, Wisconsin, about 60 miles from Chicago. He was encouraged by the office manager and principal supervisor of his California place of employment to visit his Wisconsin relatives during the period he was to be in Chicago.

IBM arranged and paid for Korpela's transportation to Chicago. It arranged for hotel accommodations and paid Korpela a per diem of $23 to cover food and lodging. The per diem was paid for each day that Korpela was on the trip, although he was required to be present at IBM's Chicago facility only Monday through Friday during normal working hours. Korpela was not required to remain at the hotel arranged by IBM and was entitled to his per diem regardless of where he stayed. There were no restrictions on the manner in which Korpela spent his leisure time while on his Chicago assignment.

Scheduled to return on July 19, Korpela left for Chicago on July 7, 1974. He worked at IBM's Chicago facility the ensuing week. Friday night or Saturday morning, Korpela left Chicago to visit his relatives in Kenosha. On Sunday, July 14, Korpela, while returning from Kenosha to Chicago in an automobile driven by his cousin, was killed when the automobile ran off the road.

Korpela's widow and dependent children filed a claim for workers' compensation death benefits. The administrative law judge determined that Korpela's death had not occurred within the course of his employment. On reconsideration, the Workers' Compensation Appeals

Board overturned the determination of the administrative law judge and held Korpela's death to be work related. Acting on the petition of IBM and Liberty Mutual Insurance Company, its carrier, we issued our writ of review bringing the matter to this court.

## Commercial Traveler Rule

■ "Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown." (Larson, Workmen's Compensation Law (1972) § 25.00; see also 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 9.03[1][d].)

California follows the rule of the majority of jurisdictions and, consistent with Labor Code section 3202, applies it liberally in the employee's favor. In *Wiseman* v. *Industrial Acc. Com., supra,* 46 Cal.2d 570, our Supreme Court considered compensability under workers' compensation of the death of the vice president of a bank who, during the course of a business trip, died in a hotel fire. When fatally injured, the employee was in his hotel room in the company of a woman not his wife. The fire was caused by the careless smoking of one of them. Treating the employee's occupancy of the hotel room for "an immoral . . . purpose of his own" as irrelevant, the high court held that his death was in the course of his employment. (46 Cal.2d at p. 573.) The court reasoned that the employee was in the hotel room on his employer's business and hence was combining a business purpose with his own pleasure. (46 Cal.2d at p. 573.)

■ We thus must determine whether, in light of the mandated liberal construction of the commercial traveler rule, the board reasonably could have drawn the inference that Korpela's weekend trip to visit his relatives some 60 miles from Chicago was a leisure time activity in which he engaged incident to his employer's requirement that he be away from his home base for an extended period, or whether the record compels the result that as a matter of law Korpela was then involved in a distinct departure from employment on an errand of his own.

We conclude that the record supports the inference drawn by the board.

IBM's requirement that Korpela be present in Chicago on its business over a weekend when he was not required to work necessarily implies that Korpela would engage in some form of leisure time activity. The 60-mile trip from Chicago to Kenosha was not of such a duration or nature as to remove it from the category of the type of leisure time activity normally incident to an out-of-town temporary assignment. Korpela's short sojourn to visit relatives is certainly no more a departure from that an employer may reasonably expect to be incident to its requirement that an employee spend time away from home than was the banker's leisure time activity in *Wiseman*. The characterization of Korpela's trip as a normal incident of his temporary duty assignment is buttressed by the fact that his supervisor knew of the potential visit and encouraged it.

In sum, the record here supports the inference of work connection drawn by the board. The inference must therefore be accepted by us on review.

*Disposition*

The decision of the Workers' Compensation Appeals Board is affirmed.

Wood, P. J., and Lillie, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied March 30, 1978. Clark, J., was of the opinion that the application should be granted.