Steven W. FLOHR; Susan Flohr,
Plaintiffs–Appellees,

v.

Joseph MACKOVJAK, Defendant–Appellant.

No. 93–6956.

United States Court of Appeals,
Eleventh Circuit.

May 31, 1996.

387

Claude Harris, D. Wayne Rogers, Jr., Asst. U.S. Attys., Birmingham, AL, Barbara L. Herwig, Marc Richman, Dept. of Justice, Civil Div., Washington, DC, for appellant.

Steven J. Shaw, Huntsville, AL, for appellees.

Before TJOFLAT, Chief Judge, BARKETT, Circuit Judge, and CLARK, Senior Circuit Judge.

TJOFLAT, Chief Judge:

This case involves a federal employee who was sued in state court for a negligent act committed while he was acting within the scope of his employment. The employee removed the case to district court and, represented by the United States Attorney, moved the court to substitute the United States as the party defendant. *See* 28 U.S.C. § 2679(d) (1994). The district court denied the motion to substitute and remanded the case to the state court. Because we conclude that the court erred in denying substitution,

we reverse the denial of the motion to substitute.

## I.

The facts are not in dispute. Lt. Colonel Steven W. Flohr was an officer of the United States Army stationed at the Redstone Arsenal in Huntsville, Alabama. Joseph Mackovjak was a civilian engineer working for the Department of the Army at the Redstone Arsenal. In May, 1992, Flohr, Mackovjak, and a third man were given a week-long temporary duty assignment to attend a conference in Hawthorne, California. The Army gave the men a per diem allowance for their expenses, including the cost of meals. Flohr obtained a rental car for their use at government expense; Mackovjak was also authorized to drive the car. There were no restrictions on their after-hours use of the rental car.

At around 4:00 p.m. on May 19, after a day at the conference, the three men returned to their hotel, changed clothes, and then drove to a restaurant in Redondo Beach for dinner. After dinner, at 8:22 p.m., as he was driving the rental car back to the hotel, Mackovjak made a left turn in front of oncoming traffic. The car was struck broadside and Flohr sustained injuries.

On May 17, 1993, Flohr and his wife brought a negligence action against Mackovjak in the Circuit Court of Madison County, Alabama. On June 21, Mackovjak, acting through a private attorney, removed the case to the United States District Court for the Northern District of Alabama. The case was removed pursuant to 28 U.S.C. § 1442(a)(1) on the ground that Mackovjak was an officer of the United States Air Force.[1] The appellees, correctly arguing that Mackovjak was not an Air Force officer, moved the district court to remand the case back to state court. Mackovjak opposed the motion to remand on the ground that the removal was proper under section 1442(a)(1) because Mackovjak was an "employee of the Department of the Army ... acting 'under color of office' at the time of the incident."[2]

Because Mackovjak realized that the appellees' claims might be covered by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, he eventually performed the acts necessary to be represented by the United States Attorney for the Northern District of Alabama, as required by 28 U.S.C. § 2679(c).[3] On July 30, the United States Attorney moved the district court to substitute the United States as the party defendant, pursuant to 28 U.S.C. § 2679(d).[4] To

1. Section 1442(a) provides as follows:
   A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
   (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

2. In effect, Mackovjak sought to amend his removal papers to assert a new ground for removal of the case to federal court.

3. Throughout these proceedings the United States Attorney has acted for the Attorney General. Under 28 C.F.R. § 15.3(a) (1995), the Attorney General has delegated to the United States Attorneys her authority under 28 U.S.C. § 2679.

4. Section 2679, as amended by the Act of Sept. 21, 1961 (Federal Drivers Act), Pub.L. No. 87–258, § 1, 75 Stat. 539, and the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Westfall Act), Pub.L. No. 100–694, §§ 5–6, 102 Stat. 4563, 4564–65, provides that the remedy against the United States provided by the

Federal Tort Claims Act, 28 U.S.C. § 1346(b), for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" shall be "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." 28 U.S.C. § 2679(b)(1). To this end, subsections (c) and (d) set out the procedures that are to be followed in cases in which claims covered by the Federal Tort Claims Act are brought against a federal employee:
   (c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver ... all process served upon him ... to his immediate supervisor ... and such person shall promptly furnish copies of the pleadings and process therein to the ... United States attorney for the district embracing the place wherein the proceeding is brought....

that end, the United States Attorney certified that Mackovjak was acting "within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Section 2679(d)(1) provides that upon such certification the tort claim "shall be deemed an action against the United States under the provisions of [title 28 of the United States Code] and all references thereto, and the United States shall be substituted as the party defendant." However, on August 10, the appellees moved to strike the United States Attorney's certificate on the ground that Mackovjak was not acting within the scope of his employment at the time of the accident, and asked the court to deny the motion to substitute the United States and to remand the case to state court.

On October 7, after a pretrial conference, the district court granted the appellees' motion to strike the certificate, denied the appellant's motion to substitute, and ordered the case remanded to state court on the ground that the district court was "without subject matter jurisdiction of this matter." [5] Mackovjak now appeals the denial of his motion to substitute and the order of remand.[6]

## II.

### A.

We consider first whether we have jurisdiction over this appeal. With one exception not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). It has long been the case, however, that an order precedent to and separate from an order of remand is itself appealable. *See City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934). In *Loftin v. Rush*, we reviewed a district court's order dismissing a claim against the United States and remanding the pendent claims against the remaining defen-

---

(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of [title 28 of the United States Code] and all references thereto, and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of [title 28 of the United States Code] and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(c), (d)(1)–(2).

In his motion to substitute the United States as defendant, the United States Attorney cited subsection (d)(2), which gives the Attorney General the authority to remove personal injury cases brought against federal employees in state court. This case, however, as noted above, had already been removed to federal district court (on an unrelated ground); hence, subsection (d)(2) was inapplicable. We believe that the United States Attorney's motion for substitution should have been made under subsection (d)(1), which applies to "any civil action or proceeding commenced ... in a United States district court." It seems clear that this section governs not only actions that are "commenced" in district court (under any statute giving the court subject matter jurisdiction to hear the case) but also any case properly removed to district court (under a removal statute other than 28 U.S.C. § 2679(d)).

5. The district court disposed of the appellant's motion to substitute the United States and the appellees' motion to strike the certificate by stamping "overruled" and "granted," respectively, directly on the moving papers.

6. On October 14, 1993, Mackovjak moved the district court to stay its order of remand pending an appeal of the denial of the motion to substitute. The district court denied this motion. In addition to taking this appeal, Mackovjak petitioned this court for a writ of mandamus ordering the district court to vacate its order of remand on the ground that it was beyond the power of the district court to remand the case. A panel of this court denied the petition "without prejudice to renewal after [this appeal] is resolved." *In re Mackovjak*, No. 94–6676 (11th Cir. Oct. 24, 1994). We resolve the issue of the district court's remand order in this appeal.

dants to state court on the ground that "[i]n logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause." 767 F.2d 800, 803 (11th Cir.1985) (quoting *City of Waco*, 293 U.S. at 143, 55 S.Ct. at 7). For the same reason, the district court's denial of substitution in this case is appealable despite the fact that the case has been remanded to state court. Our resolution of this issue in the context of a substitution order is in accord with the decisions of several other courts of appeals. *See Kimbro v. Velten*, 30 F.3d 1501, 1503 (D.C.Cir.1994); *Jamison v. Wiley*, 14 F.3d 222, 233 (4th Cir.1994); *Aliota v. Graham*, 984 F.2d 1350, 1353 (3d Cir.1993); *Mitchell v. Carlson*, 896 F.2d 128, 132–33 (5th Cir.1990).

■ We may thus take jurisdiction over Mackovjak's appeal, provided that the denial of his motion to substitute is a "final order" within the terms of 28 U.S.C. § 1291. Under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, a court of appeals may, under section 1291, review decisions

> which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The remedy provided by the Federal Tort Claims Act to a plaintiff for injury arising from the negligence of a federal employee acting within the scope of his employment is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1). This means that if the United States is substituted in this action, Mackovjak will be immune from any other civil action by the plaintiffs arising from the accident. Refusing to substitute the United States as a defendant is thus equivalent to denying immunity to the federal employee. *See Aliota*, 984 F.2d at 1354. Orders denying absolute or qualified immunity are embraced within the collateral order doctrine of *Cohen*. *See Mitchell v.*

*Forsyth*, 472 U.S. 511, 528–29, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985). Likewise, Mackovjak must be able to have this court review an order that effectively forces him to defend this claim in state court when it is possible that the claim is precluded by the Federal Tort Claims Act. *See Mitchell v. Carlson*, 896 F.2d at 133. We therefore take jurisdiction of the appeal of the denial of substitution and proceed to review the district court's decision.

### B.

■ Under 28 U.S.C. § 2679(d)(1), upon the Attorney General's certification of scope of employment, the pending action "shall be deemed an action against the United States ..., and the United States shall be substituted as the party defendant." Despite this seemingly commanding language, the Supreme Court has held, in *Gutierrez de Martinez v. Lamagno*, —— U.S. ——, ——, 115 S.Ct. 2227, 2236, 132 L.Ed.2d 375 (1995), that the Attorney General's certification is reviewable by the district court. We had previously held this to be the case in *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1541 (11th Cir.1990), *amended*, 924 F.2d 1555 (11th Cir.), *cert. denied*, 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). In that case, we also held that although the Attorney General's certification is *prima facie* evidence that the employee acted within the scope of his employment, the district court was to decide the issue *de novo*. *Id.* at 1543. However, "[t]he burden of altering the status quo by proving that the employee acted outside the scope of employment is ... on the plaintiff." *Id.*

■ The question of whether an employee's conduct was within the scope of his employment "is governed by the law of the state where the incident occurred." *See S.J. & W. Ranch*, 913 F.2d at 1542; *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam), *vacating* 215 F.2d 800 (9th Cir.1954); 28 U.S.C. § 1346(b). California's law of respondeat superior thus controls in this case. The California Supreme Court recently summarized the state's law of respondeat superior in *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 285 Cal.

Rptr. 99, 814 P.2d 1341 (1991) (in bank), as follows:

> Under the doctrine of respondeat superior, an employer may be held vicariously liable for torts committed by an employee within the scope of employment. [*See* Cal. Civ.Code § 2338.] ... Respondeat superior is based on a deeply rooted sentiment that it would be unjust for an enterprise to disclaim responsibility for injuries occurring in the course of its characteristic activities.
>
> .  .  .  .  .
>
> For the doctrine of respondeat superior to apply, the plaintiff must prove that the employee's tortious conduct was committed within the scope of employment. A risk arises out of the employment when in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer.
>
> Tortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment. So may acts that do not benefit the employer, or are willful or malicious in nature.

285 Cal.Rptr. at 101–02, 814 P.2d at 1343–44 (citations and internal quotation marks omitted). This outline of the doctrine is familiar, but we are unable to find a case decided by a California court that is directly on point.[7] Yet, as the Ninth Circuit has noted in this context:

Even a brief review of the myriad of California cases in this area demonstrates that the possible permutations of relevant circumstances are so infinite that decision by classification or rule of thumb would invariably lead to arbitrary and unjust results. *United States v. Romitti*, 363 F.2d 662, 665 (9th Cir.1966). According to that court, "no single relevant factor is necessarily controlling," but rather " '[i]n the last analysis, each case must be determined on its own peculiar facts and circumstances.' " *Chapin v. United States*, 258 F.2d 465, 467 (9th Cir.1958) (quoting 32 Cal.Jur.2d *Master & Servant* § 117), *cert. denied*, 359 U.S. 924, 79 S.Ct. 607, 3 L.Ed.2d 627 (1959). "[T]he results reached in other decisions are helpful, but not necessarily controlling.... In each case involving scope of employment all of the relevant circumstances must be considered and weighed in relation to one another." *Loper v. Morrison*, 23 Cal.2d 600, 145 P.2d 1, 3 (1944). Given that "California's rule as to course and scope of employment is broad," *see Proietti v. Civiletti*, 603 F.2d 88, 90 (9th Cir.1979), we believe that a California court with this case before it would hold that Mackovjak's conduct was within the scope of his employment.

The facts support our decision. The men were in California at the instruction of the United States Army to attend a conference related to their work. The Army paid for all of their expenses while they were away, including their meals and the cost of renting an automobile. The men appear to have received no instructions to drive or not to drive to any particular location for their meals. It is reasonable to assume that the Army expected the men to use the automobile it provided to drive not only to and from the conference but also to a place where they could purchase meals, which were also paid

---

7. The defendant's conduct would appear to fall within the scope of his employment for purposes of California's worker's compensation law. *See IBM Corp. v. Workers' Compensation Appeals Bd.*, 77 Cal.App.3d 279, 142 Cal.Rptr. 543 (1978) (adopting the "commercial traveler rule"). The rationales behind the doctrine of respondeat superior and worker's compensation law are similar, in that both doctrines seek to make an employer liable under certain circumstances for the negligent conduct of an employee. But the California Supreme Court has stated that the tests for scope of employment under each are not identical. *See Hinman v. Westinghouse Elec. Co.*, 2 Cal.3d 956, 88 Cal.Rptr. 188, 471 P.2d 988, 991 n. 3 (1970) (in bank). Thus, "although worker's compensation cases can be helpful in determining the employer's vicarious liability for its employee's torts, they are not controlling precedent 'when liability is predicated upon respondeat superior principles.' " *Perez v. Van Groningen & Sons, Inc.*, 41 Cal.3d 962, 227 Cal.Rptr. 106, 719 P.2d 676, 678 n. 2 (1986) (citations omitted).

for by the Army. The men's conduct was not "so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M.*, 285 Cal.Rptr. at 102, 814 P.2d at 1344. Rather, the activity "may fairly be regarded as typical of or broadly incidental" to the enterprise undertaken by the Army. *Id.* The enterprise in this case was the sending of Army personnel to California for several days to attend meetings related to the Army's business.

The policies behind California's doctrine of respondeat superior also support our decision to make the United States defend this action. The California Supreme Court has outlined three reasons for applying the doctrine of respondeat superior:

> (1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury.

*Mary M.*, 285 Cal.Rptr. at 101, 814 P.2d at 1343. First, the Army is clearly in a position to control the use of vehicles by personnel sent on business trips so as to limit the risk of accidents. Second, holding the United States liable in this sort of case does greatly increase the chance of recovery by a plaintiff.[8] Finally, because the United States presumably benefits from the participation by Army personnel in conferences relating to its work, the United States ought equitably to bear the losses arising out of such participation.

We thus find that the United States Attorney properly certified Mackovjak as acting within the scope of his employment. Upon that certification, the district court should have granted the motion to substitute the United States as party defendant in accordance with 28 U.S.C. § 2679(d)(1). *See S.J. & W. Ranch*, 913 F.2d at 1544.

### III.

After it denied the motion to substitute, the district court remanded this case to state court, where it now remains. The question arises as to whether our decision to reverse the denial of the motion to substitute will be given any effect. Unless the United States is substituted as the party defendant and the case is returned to federal district court, our decision will amount to nothing more than an unconstitutional advisory opinion.

This case can be returned to the district court in one of two ways. The United States Attorney, acting pursuant to 28 U.S.C. § 2679(d)(2), can certify that Mackovjak was acting within the scope of his employment, whereupon the case "shall be removed ... by the Attorney General to the district court ... and the United States shall be substituted as the party defendant." Alternatively, in the exercise of our inherent power to issue such orders as may be necessary to effectuate relief in cases properly brought before this court, we can direct the district court to vacate its order of remand.[9] If the United

---

8. This is, perhaps, not true for the appellees in this case. The parties anticipate that the *Feres* doctrine, under which the United States is not liable for injuries to servicemen arising out of activity incident to military service, will bar any recovery by the plaintiffs if the United States becomes the defendant in this action. *See Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The appellees insist that we take this into account when deciding the question of scope of employment under California's law of respondeat superior. The *Feres* doctrine, however, concerns only an exception to the waiver of sovereign immunity contained in the Federal Tort Claims Act, and thus cannot affect our analysis of California's law of torts.

9. Such a directive would not constitute a review of the order of remand in violation of 28 U.S.C. § 1447(d), but rather a valid exercise of our power, if not our duty, to effectuate the relief granted to the appellant by today's decision and avoid rendering an advisory opinion. *See* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."); 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Texaco, Inc. v. Chandler*, 354 F.2d 655, 657 (10th Cir.1965) (court has the "power and inescapable duty, whether under the all-writs statute, 28 U.S.C. § 1651, or under its inherent

States Attorney does not proceed pursuant to section 2679(d)(2), we shall entertain a petition for a writ of mandamus to require the district court to vacate its order and substitute the United States as party defendant.[10]

REVERSED.

powers of appellate jurisdiction, to effectuate what seems to [the court] to be the manifest ends of justice") (internal quotation marks omitted), *cert. denied,* 383 U.S. 936, 86 S.Ct. 1066, 15 L.Ed.2d 853 (1966).

**10.** In the absence of a directive from this court, it is unlikely that the district court, whether acting *sua sponte* or on the motion of the United States Attorney, has the jurisdiction to vacate its remand order and to return the case to federal court. *See Seedman v. United States Dist. Court,* 837 F.2d 413, 414 (9th Cir.1988); *Three J Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112, 115 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).