[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————————————

No. 02-13283

—————————————————

D. C. Docket No. 01-02992-CV-PT-M

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**APRIL 16, 2003**
**THOMAS K. KAHN**
**CLERK**

KATHY ALLEN,
individually and as mother and
next friend of her baby son who
suffered intrauterine death at
35 weeks of gestation, whose
name as used in this complaint
will be Dakota Allen,

                                        Plaintiff-Appellant,

versus

KYLE P. CHRISTENBERRY, Dr.,
W. NEWTON GODFREE, Dr.,
QHG OF GADSDEN INC.,
d.b.a. Gadsden Regional Medical Center,
EMCARE, INC.,
VERNON JOHNSON, M.D.,

                                        Defendants-Appellees.

—————————————————

Appeal from the United States District Court
for the Northern District of Alabama

—————————————————

**(April 16, 2003)**

Before CARNES, HULL and ALARCON[*], Circuit Judges.

CARNES, Circuit Judge:

This appeal stems from a medical malpractice lawsuit filed in state court by Kathy Allen against Dr. Kyle Christenberry and Dr. W. Newton Godfree. The defendant doctors removed the case to federal court ten days before the trial in state court was scheduled to begin, on the asserted ground that they were federal employees under the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), Pub. L. No. 104-73, 109 Stat. 777 (1995) (codified at 42 U.S.C. § 233). Allen moved the federal district court to remand the case to state court, but it denied her motion, concluding that the defendant doctors had properly removed the case and that they were entitled to the protections of 42 U.S.C. § 233(a). We disagree, because the FSHCAA provides specific prerequisites for removal of a case under its provisions, and they were not met in this case. For that reason, we will reverse the judgment of the district court and instruct it to remand the case to state court.

---

[*]Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

## I.

During her pregnancy in 1996, Kathy Allen received prenatal care from Etowah Quality of Life, Inc. ("the Etowah Center"), a federally funded community health center. The Etowah Center has been deemed by the Department of Health and Human Services (HHS), in accordance with the FSHCAA, to be eligible for coverage under the Federal Tort Claims Act (FTCA). See 28 U.S.C. § 1346(b)(1); 42 U.S.C. § 233(a), (g)(1)(A). Approximately 34 to 35 weeks into her pregnancy, Allen was diagnosed with premature rupture of the fetal membranes and received care from Drs. Christenberry and Godfree at Gadsden Regional Medical Center. They provided services to her under a contract with the Etowah Center.[1] After that treatment, an ultrasound test revealed that the baby had died in utero.

Allen filed a medical malpractice action against Drs. Christenberry and Godfree and several other defendants on June 6, 1997, in state court in Etowah County, Alabama. The defendant doctors moved to dismiss the case on the ground

---

[1]The parties dispute whether the contract was between the Etowah Center and Drs. Christenberry and Godfree as individuals or between the Etowah Center and the professional corporation for which they work. Only if the contract was with the two doctors as individuals can they be deemed employees of the Public Health Service under 42 U.S.C. § 233(g)(1)(A). See Dedrick v. Youngblood, 200 F.3d 744, 746 (11th Cir. 2000) (holding §§ 233(g)(1)(A) and (g)(5) require a contractor be an individual who contracts directly with an eligible entity instead of through his employer). We need not resolve this dispute, because we conclude that even if the contract was with the two doctors as individuals, the case was not properly removed from state court under the FSHCAA.

that the state court did not have jurisdiction over the claims against them because they were federal employees whose actions in providing care and treatment to Allen were covered by the FTCA. The state court denied their motion on January 16, 1998, and discovery in the case proceeded. On April 24, 2001, the state court set a trial date of November 26, 2001.

Drs. Christenberry and Godfree made some early ineffective attempts to have HHS or the Department of Justice defend the suit. On July 1, 1997, Wayne Rowe, the chief executive officer of the Etowah Center, forwarded Allen's complaint to the Office of the General Counsel of HHS and requested that it move to dismiss the two doctors as named defendants or otherwise defend the suit on their behalf. On July 17, 1997, Elizabeth Gianturco, the chief of HHS's Litigation Branch, requested additional information from Rowe and asked that he also send the information to Roger Einerson in the Torts Branch of the Department of Justice. Gianturco advised Rowe that before it could request that the Department of Justice represent the defendant doctors, HHS needed to determine whether the doctors were covered under the FTCA and were working within the scope of their employment. On August 4, 1997, Rowe sent the requested documentation to Gianturco and indicated a copy to Einerson. Several months later, on November 12, 1997, counsel for the defendant doctors sent a letter to the FTCA Coordinator

4

of the Public Health Service (PHS) and enclosed a copy of the complaint, their motion to dismiss, and Allen's response to the motion to dismiss. The record does not contain evidence of any other contact or attempted contact between the two doctors and HHS, or between them and the Department of Justice, during the four year period from November 12, 1997 to November 16, 2001.

On November 16, 2001, over four years from the date of the last letter to PHS on behalf of Drs. Christenberry and Godfree, and only ten days from the scheduled start date of the trial in state court, the two doctors sent a letter to Jeffrey Axelrad, Director of the Torts Branch at the Department of Justice. They requested that the Attorney General certify that they were acting within the scope of their federal employment at the Etowah Center when Allen's malpractice claim arose and move to substitute the United States as a defendant under the FTCA.

On November 20, 2001, the United States, acting through the United States Attorney for the Northern District of Alabama, filed a "Notice Pursuant to 42 U.S.C. § 233(l)(1)" in state court. The notice stated that the Attorney General had been notified for the first time of the lawsuit on November 16, 2001, and it "advise[d] this Honorable Court that the Secretary of the United States Department of Health and Human Services ha[d] under consideration" whether Drs. Christenberry and Godfree were to be deemed employees of PHS under 42 U.S.C.

§ 233(l)(1). The notice acknowledged the possibility that they "may be deemed" employees covered by 42 U.S.C. § 233(a). Also on November 20, 2001, HHS informed the two doctors that they were not going to be deemed employees of PHS and that decision was final and binding upon the Attorney General and the parties in the lawsuit.

Notwithstanding the letter from HHS, Drs. Christenberry and Godfree removed the case to federal district court on November 21, 2001. They based that removal on several statutes, including 42 U.S.C. § 233, 28 U.S.C. § 1331, and 28 U.S.C. § 1446(b). On the same day as the removal, they also filed in the district court a "Motion for De Novo Determination of Status of Defendants as Employees of Public Health Service." Allen moved, on November 27, 2001, to remand the case to state court.

The district court denied Allen's motion to remand, because it concluded that Drs. Christenberry and Godfree had given timely notice of the suit to their immediate superior, Wayne Rowe, as required by the FSHCAA, and in the district court's view they were contractors entitled to the protections of 42 U.S.C. § 233(a). The court concluded that "[t]he action has been timely removed by the defendants or, by operation of law, has been or should have been removed by the Attorney General." To permit interlocutory review of its decision, the district

6

court entered an order stating that its decision involved a controlling issue of law as to which there is a substantial ground for difference of opinion and that an immediate appeal could materially advance the ultimate termination of the litigation. Based upon that certification, Allen filed a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), which we granted.

## II.

We begin our consideration of 42 U.S.C. § 233(a) with the recognition that removal statutes should be construed narrowly, with doubts resolved against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09, 61 S. Ct. 868, 872 (1941)). The FSHCAA provides authority to remove cases to federal court only in specific and limited circumstances. Because those circumstances were not present in this case, Drs. Christenberry and Godfree did not properly remove this action to federal court.

The FSHCAA makes the remedy provided against the United States under the FTCA the exclusive remedy for the medical malpractice of employees or contractors of PHS.[2]  42 U.S.C. § 233(a). In order to be covered under the FTCA,

_____

[2]42 U.S.C. § 233(a) provides:

The remedy against the United States provided by section[] 1346(b) . . . for

7

an entity, an employee of the entity, or a contractor of the entity seeking coverage must be deemed an employee of PHS. 42 U.S.C. § 233(g)(1)(A). Drs. Christenberry and Godfree claim that they are contractors of the Etowah Center, a federally supported health center which itself is deemed an employee of PHS, and for that reason they should be deemed employees of PHS and entitled to the protections of the FTCA.

Section 233(b) provides that the Attorney General "shall defend any civil action" brought in court against any officer or employee of PHS acting in the scope of his employment. 42 U.S.C. § 233(b). The Attorney General may remove a case under § 233(c) this way:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending. . . .

Id. § 233(c).

---

damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

8

Section 233(l)(1) provides that if a civil action is filed in state court against an eligible entity or an employee or contractor of the entity, "the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court" whether the Secretary of HHS has determined that the entity, employee, or contractor is "deemed to be an employee of the Public Health Service for purposes of this section . . . ." Id. § 233(l)(1). If he advises the court that HHS has determined that the employee is deemed an employee of PHS – which also amounts to a certification that the employee was acting within the scope of employment – the Attorney General must remove the case to federal court. Id. § 233(c), (l)(1).

If the Attorney General does not make an appearance within 15 days, § 233(l)(2) provides that the entity, employee, or contractor can remove the case to district court. Id. § 233(l)(2). If that happens, the case is stayed until the district court conducts a hearing and makes a determination as to the appropriate forum for assertion of the claim. Id.

In this case, the Attorney General did appear in the state court proceeding within 15 days of being notified of the lawsuit, but he did not advise the court of any determination by HHS, because none had been made as of that time. HHS did make a determination, deciding that Drs. Christenberry and Godfree were not

9

deemed employees of PHS, and it was that determination which prompted the two doctors to remove the case to federal court.

The reason the removal by Drs. Christenberry and Godfree was improper is that the statute authorizes removal in only two circumstances, and neither occurred here. If the Attorney General had notified the court that HHS had determined that the doctors were deemed employees of PHS, effectively certifying that they had been acting within the scope of their employment with it, removal would have been proper (indeed mandatory). 42 U.S.C. § 233(c), (l)(1). But that did not happen.

The "Notice Pursuant to 42 U.S.C. § 233(l)(1)" that the United States Attorney filed on November 20, 2001, four days after the Attorney General had been notified of the lawsuit, did not advise the court that HHS deemed Drs. Christenberry and Godfree employees of PHS for purposes of the lawsuit. Instead, the notice stated that the Secretary of HHS was still considering whether to deem them employees of PHS. It noted that in the future they "may" be deemed PHS employees, which also meant, of course, that they might not be. The notice communicated to the court that it was possible they would be deemed PHS employees, but no decision had been made as of that date. The statute does not provide for removal upon notification that no decision has been reached yet. Even

10

if it did, the defendant doctors could not have removed the case under § 233(c), because that section provides for removal by the Attorney General, not by the defendants.

If the Attorney General had failed to appear in state court within 15 days of being notified of the suit, Drs. Christenberry and Godfree could have removed the case to federal court themselves. Id. § 233(l)(2). But that did not happen, either. The Attorney General did appear through the United States Attorney within four days of being notified on November 16, 2001, to give notice that no decision had been made but one was forthcoming. The next day after the Attorney General appeared the defendant doctors themselves removed the case to federal court, something the statute does not permit.

Drs. Christenberry and Godfree argue that the Attorney General actually had received notice of the lawsuit by way of their letters to HHS in 1997, which was four years before they removed the case to federal court (which happened just days before the scheduled start of the state trial). Four years is certainly longer than 15 days, but it is too long to do the doctors any good. Section 233(l)(2) itself does not specify a time limit for removal just as it does not specify which district court is the "appropriate United States district court" for removal. See 42 U.S.C. § 233(l)(2). Those matters are left to the general removal statute, which is 28 U.S.C.

11

§ 1446(b).  See generally, Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129, 116 S. Ct. 494, 497 (1995) (applying both 28 U.S.C. § 1447(d), which is the general statute governing appellate review of remand orders, and 28 U.S.C. § 1452, which governs removals and remand orders in bankruptcy proceedings, to determine whether district court's remand order was reviewable and noting there is no reason the two statutes "cannot comfortably coexist"); Lazuka v. FDIC, 931 F.2d 1530, 1536 (11th Cir. 1991) (holding the limitation period in 28 U.S.C. § 1446(b) applied to removal by FDIC under 28 U.S.C. § 1819 because § 1819 did not have a separate procedure).  If the Attorney General was notified in 1997, as Drs. Christenberry and Godfree contend, they had thirty days from that notification in which to remove this case.  They did not do so.

We also conclude that HHS's determination, which came a day before the removal, that Drs. Christenberry and Godfree were not to be deemed employees did not create federal question jurisdiction under 28 U.S.C. § 1331.  They base their argument to the contrary on our decision in Flohr v. Mackovjak, 84 F.3d 386 (11th Cir. 1996), which does not support their position.  Flohr involved the collateral order doctrine and a question of appellate jurisdiction.  We held only that we had jurisdiction to review the district court's denial of the United States' motion to substitute itself as defendant, because denying the motion to substitute

effectively denied immunity to the defendant – a civilian employee of the United States Army.  Id. at 390.  The lawsuit in Flohr was already properly in federal court under 28 U.S.C. § 1442(a)(1) because the defendant indisputably was a federal employee.  Section 1442 does not require a prior determination of the defendant's employment status by the Executive Branch or an appearance by the Attorney General for proper removal in those circumstances; instead, it allows removal of a civil action commenced in a state court against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office" by that defendant.  28 U.S.C. § 1442(a)(1).

In contrast, in the FSHCAA Congress left the determination of the defendants' employment status to the Secretary of HHS and predicated removal upon either an affirmative deeming by the Secretary or the Attorney General's failure to appear and advise the court within a prescribed period of time.  See 42 U.S.C. § 233(g)-(h), (l).  Neither occurred in this case, and we may not rewrite the statute.[3]

_____

[3]We also reject Drs. Christenberry and Godfree's argument that they properly removed this case pursuant to 28 U.S.C. § 1446(b). Generally, a defendant can only remove a case to federal court within 30 days after receiving the pleading.  28 U.S.C. § 1446(b).  But, § 1446(b) provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The defendant doctors contend that the November 20, 2001 letter from HHS informing them that they were not deemed employees of PHS constituted "other

## III.

Because the district court erred in denying Allen's motion to remand, its order denying remand is REVERSED and the case is REMANDED with instructions to remand this case to state court.

---

paper" within the meaning of § 1446(b). However, this argument necessarily depends on the proposition HHS's determination that they were not PHS employees created federal question jurisdiction under § 1331. Section 1446 does not separately provide jurisdiction. Because HHS's determination did not create federal question jurisdiction, removal under § 1446 was improper.