[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16872
Non-Argument Calendar

_____

D. C. Docket No. 08-14051-CV-KMM

DANIEL E. KOWALLEK,

Plaintiff-Appellant,

versus

DONNA M. PRESTIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Daniel E. Kowallek appeals pro se the dismissal of his complaint after the

district court entered a judgment on the pleadings for Donna Prestia.  Fed. R. Civ. P. 12(c).  Kowallek argues that the district court erred when it denied his motion to remand and dismissed his complaint with prejudice.  We affirm.

We review de novo the denial of a motion to remand.  Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).  We also review de novo a judgment on the pleadings.  Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006).

Prestia's untimely removal was defective, but that defect does not require us "[t]o wipe out the adjudication postjudgment."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 77, 117 S. Ct. 467, 477 (1996).  Because Kowallek sued Prestia for refusing to divulge information she acquired as an employee of the Internal Revenue Service, the district court had removal jurisdiction.  28 U.S.C. § 1442(a)(1); Allen v. Christenberry, 327 F.3d 1290, 1296 (11th Cir. 2003).  We will not address any defect in removal because the district court had subject-matter jurisdiction to dismiss Kowallek's complaint.  See Caterpillar Inc., 519 U.S. at 76–77; 117 S. Ct. at 477 (requiring that a judgment denying a motion to remand must be vacated when a "jurisdictional defect remains uncured"); Ayres v. General Motors Corp., 234 F.3d 514, 519 (11th Cir. 2000) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect.").

2

The district court did not err when it dismissed Kowallek's complaint for failure to state a claim for relief. Prestia had no legal duty to help Kowallek research his suspicions of identity theft, and no law grants Kowallek redress for Prestia's failure to respond to his inquiries. It also would have been futile to allow Kowallek to amend his complaint. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004).

The dismissal of Kowallek's complaint is **AFFIRMED**.