United States Court of Appeals,

Eleventh Circuit.

No. 97-9276.

MATSUSHITA ELECTRIC COMPANY, Tokio Marine & Fire Insurance Company, Plaintiffs-Appellants,

v.

John ZEIGLER, Defendant-Appellee.

Oct. 27, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-CV-0996-MHS), Marvin H. Shoob, Judge.

Before ANDERSON and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Appellants Matsushita Electric Company and Tokio Marine and Fire Insurance Company (collectively "Matsushita") appeal from the district court's order substituting the United States as a defendant for John Zeigler, a U.S. Customs agent, and then dismissing Matsushita's claims against the United States under the Federal Tort Claims Act ("FTCA"). Matsushita claims that the district court erred in holding that its right to sue a customs inspector for negligence in handling its property was abrogated by the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679. We affirm.

BACKGROUND

In April 1994, Matsushita imported a computer chip placement machine from Japan to Atlanta. The machine had been placed in a vacuum seal to protect it from the outside environment. When the machine reached Atlanta, U.S. Customs officers decided to conduct an inspection of the machine. Appellee John Zeigler inspected the machine and, in the course of his inspection, cut the

vacuum seal. He did not do anything to reseal the machine. The machine was subsequently cleared for entry.

When the machine arrived at its final destination, rust had developed on the machine. The purchaser of the chip placement machine, OKI Telecom, rejected the machine as defective because of the rust. Subsequently, Matsushita filed this action against Zeigler and the Hartsfield Warehouse Company, at whose facility the machine was inspected.[1] After certifying that Zeigler was acting within the scope of his employment at the time of the events alleged in the suit, the United States moved to substitute itself for Zeigler and to dismiss the action. The district court granted the motion, entering final judgment dismissing the action. This appeal followed.

DISCUSSION

In *Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984), the Supreme Court held that a property owner whose goods were damaged during their detention as a result of the negligence of Customs agents could not maintain an action against the United States under the FTCA. Although the FTCA provides that the United States shall be liable, to the same extent as a private party, "for injury or loss of property, ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b), it exempts from coverage "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise...." 28 U.S.C. § 2680(c). The Supreme Court in *Kosak* construed this exemption broadly, reasoning that it covered "any claim "arising out of' the detention of goods, and includes a claim resulting from negligent

---

[1]Matsushita has settled its claim against the Hartsfield Warehouse. Accordingly, Hartsfield Warehouse is not a party to this appeal.

handling or storage of detained property." *Kosak,* 465 U.S. at 854, 104 S.Ct. 1519. Thus, under *Kosak,* Matsushita's suit cannot be maintained against the United States. The Court in *Kosak,* however, also stated that "[a]t common law, a property owner had (and retains) a right to bring suit against an individual customs official who negligently damaged his goods," *id.* at 860, 104 S.Ct. 1519, and that "Congress in 1946 may have concluded that this mode of obtaining recompense ... was "adequate.' " *Id.* at 861, 104 S.Ct. 1519.

As this suit is barred against the United States, the relevant question becomes whether the district court erred in holding that 28 U.S.C. § 2679 requires the substitution of the United States as a party defendant in place of the individual Customs officer, John Ziegler. Or, put another way, the issue is whether Matsushita's negligence remedy recognized in *Kosak* survives the passage in 1988 of the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679.

In pertinent part, Section 2679(b)(1) provides that the

remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.... Any other civil action ... arising out of or relating to the same subject matter against the employee ... is precluded without regard to when the act or omission occurred.

Congress provided two exceptions where § 2679(b)(1) would not apply: a civil action against a federal employee "(A) which is brought for a violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." § 2679(b)(2).

Further, § 2679(d)(1) directs that

[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim

3

arose, any civil action ... commenced upon such a claim in a United States district court shall be deemed an action against the United States ..., and the United States shall be substituted as the party defendant.[2]

On its face, the plain language of § 2679(b)(1) makes clear that where, as here, a federal employee acts within the scope of his or her employment, an individual can recover only against the United States, unless one of the two exceptions provided in § 2679(b)(2) is present.[3] Further, under § 2679(d)(1), the district court was *required* to substitute the United States as a defendant for Zeigler once the United States Attorney had certified that Ziegler's actions occurred within the scope of his employment.

Matsushita first argues that, notwithstanding its plain language, § 2679 should not be applied in a case in which the purported remedy would be illusory. If the United States is substituted in accordance with § 2679(d)(1), the case would then have to be dismissed pursuant to *Kosak.* Thus, Matsushita is left without a tort remedy for the negligence of Customs officials. Although we are sympathetic to Matsushita's concern, we must reject this argument in light of the plain meaning of § 2679's text and the decision of the Supreme Court in *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991).

In *Smith,* the plaintiff sued a physician from a United States Army hospital in Italy for medical malpractice. The United States was immunized from suit because the conduct occurred in a foreign country. *See* 28 U.S.C. § 2680(k). The Supreme Court held that the suit could not proceed

---

[2]Upon certification and substitution of the United States as the party defendant, the action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions." § 2679(d)(4).

[3]We discuss below whether these exception are present here.

4

against the individual federal employee, reasoning that § 2679 "makes the FTCA the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." *Smith,* 499 U.S. at 166, 111 S.Ct. 1180. Pointing to the certification and substitution provisions in § 2679(d), the Court observed that "Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether." *Id.* Finally, the Court explained that "Congress' express creation of ... two exceptions" in § 2679(b)(2) should not be expanded by "inferring a third exception that would preserve tort liability for Government employees when a suit is barred under the FTCA." *Id.* at 167, 111 S.Ct. 1180. *See also Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 427, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) ("When the United States retains immunity from suit, certification disarms plaintiffs. They may not proceed against the United States, nor may they pursue the employee shielded by certification."); *Nadler v. Mann,* 951 F.2d 301, 304-05 (11th Cir.1992) (following *Smith* ).

Matusushita attempts to distinguish *Smith,* arguing that the *Smith* Court did not interpret § 2679 to abrogate an existing common law right of action. In *Smith,* Matsushita suggests, there was no right to sue a military physician directly. *See* 10 U.S.C. § 1089(a) (providing that the exclusive remedy for torts committed by military personnel within the scope of their employment is suit against United States under the FTCA). However, this distinction, which apparently would preserve the right to sue federal employees directly for certain common law torts, cannot be squared with the broad and all-encompassing language of § 2679. *See Smith,* 499 U.S. at 173, 111 S.Ct. 1180 (noting that "[§ 2679(b)(1) ] states that, with respect to a tort committed by "*any* employee of the government' within the scope of employment, the FTCA provides the exclusive remedy") (emphasis

5

in original). Moreover, the Court in *Smith* rejected the suggestion, made by Justice Stevens in dissent, that § 2679 was meant to preserve pre-existing tort remedies. As Justice Marshall's opinion for the Court explained,

> The truth is, however, that the legislative history reveals considerably less solicitude for tort plaintiffs' rights than the dissent suggests.... [T]he House Report expressly warned that, under the Liability Reform Act, "*any* claim against the government that is precluded by [FTCA] exceptions"—which obviously would include claims barred by the exception for causes of action arising [from the detention of goods by customs agents]—"also is precluded against an employee." This congressional intent was clearly implemented in [§ 2679(b)(1) ] of the Act, and we are obliged to give it effect.

*Smith,* 499 U.S. at 175, 111 S.Ct. 1180 (quoting H.R. Rep. 100-700 at 6, 1988 U.S.C.C.A.N. at 5950) (emphasis in original).[4]

Matsushita next argues that its claim against Zeigler falls within the above-quoted exception to § 2679 contained in § 2679(b)(2)(B). Matsushita maintains both that the exception applies because Zeigler was given the authority to inspect and detain Matsushita's goods under 19 U.S.C. § 1499 and implicit in this authority was the obligation to exercise due care, and because 28 U.S.C. § 2006 authorizes the federal Treasury to pay out a judgment against a revenue officer if there was

---

[4]Matsushita also suggests that the Court's decision in *Gutierrez de Martinez* supports its claim that § 2679 does not bar its negligence claim against Zeigler. In *Gutierrez de Martinez,* the Supreme Court held that the Attorney General's certification that a federal employee acted within the scope of his or her employment is reviewable by the federal courts. *Gutierrez de Martinez,* 515 U.S. at 423-37, 115 S.Ct. 2227. The Court pointed out that where the United States is shielded from liability by an FTCA exception, certification bars suit against both the United States and the individual employee, creating a heightened need for federal court review of certification decisions. *Id.* at 427, 115 S.Ct. 2227. Although the Court noted in passing that some of the FTCA's exemptions "are for cases in which other compensatory regimes afford relief," *id.* at 427 n. 5, 115 S.Ct. 2227, the Court did not suggest, let alone hold, that the common-law negligence action recognized in *Kosak* survived the enactment of § 2679. It simply pointed out that, where, as here, the government retained immunity under a FTCA exemption, plaintiffs were not necessarily left without any remedy. Indeed, in *Kosak,* the Court noted that a property owner might be able to recover against the United States for damage to property caused by Customs officials under the Tucker Act. *See Kosak,* 465 U.S. at 860 n. 22, 104 S.Ct. 1519.

6

probable cause for the detention of goods and the employee was acting under directions of his or her supervisor.

We find no merit to these arguments. Matsushita's claim was not "brought for a violation of a statute of the United States under which such action against an individual is authorized." § 2679(b)(2). The right to sue a customs agent for damage to goods caused by negligence during the detention of goods, the Court in *Kosak* explained, derives from the common law rather than any statute. *Kosak,* 465 U.S. at 860, 104 S.Ct. 1519. The statutes cited by Matsushita do not counsel a different conclusion. Nothing in § 1499 creates any rights in individuals; rather, it is simply an authorization of power to Customs officials to inspect and detain property. Ziegler's duty of care cannot be found in § 1499, but arises instead from common law negligence principles. Likewise, § 2006 does not create a statutory right of any kind, but only provides for payment of judgments for violation of rights existing under the common law or other federal law. Because neither § 1499 nor § 2006 create any individual rights, Zeigler's actions could not have violated these statutes. *See Smith,* 499 U.S. at 175, 111 S.Ct. 1180 (finding the exception in § 2679(b)(2) inapplicable where the federal statute "does not impose any duties of care ... that could be violated"). Rather, the only right which Zeigler may have violated was Matsushita's common law right recognized in *Kosak.*

Applying the statutory framework created by Congress, the district court in this case properly substituted the United States for Ziegler and dismissed this action against the United States under the FTCA exception provided in § 2680(c). Although Matsushita's claim that it should not be denied a remedy for the alleged negligence of Customs officials in this case has great force, "it is properly addressed to Congress, not to this Court." *Kosak,* 465 U.S. at 862, 104 S.Ct. 1519. Congress

7

expressed its intent in the plain language of § 2679 and we are obliged to give it effect. Accordingly, the judgment of the district court must be AFFIRMED.