[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12992
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-00009-JA-KRS

SHAWN BURNS,

Plaintiff-Appellant,

versus

UNITED STATES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2020)

Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shawn Burns appeals the district court's dismissal, for lack of subject matter jurisdiction, of his defamation claims against the United States. After careful review, we affirm.

## I.

Burns worked for the federal Transportation Security Administration ("TSA"). In November 2018, he brought defamation claims in Florida state court against two fellow TSA employees, Moira Lozada and Parker Bellaire. Burns alleged Lozada made false claims of workplace harassment against him, which damaged his working relationships at the TSA. Burns alleged Bellaire made false statements to federal security officials about Burns's workplace conduct, which caused Burns to be suspended from the TSA for two weeks.

On January 3, 2019, the U.S. Attorney's Office for the Middle District of Florida, acting on behalf of Lozada and Bellaire, removed Burns's suit to federal district court pursuant to 28 U.S.C. §§ 2679(d)(1) and (2).[1] Section 2679(d) authorizes removal of a state court suit against a federal employee for conduct within the scope of her employment. § 2679(d)(2). In accordance with § 2679(d),[2]

---

[1] The government also asserted that removal was proper under 28 U.S.C. § 1442(a)(1), which permits removal by an officer of the United States sued in her official or individual capacity.

[2] Section 2679(d) requires the U.S. Attorney General to certify that the defendant employee acted within the scope of her employment to effect removal. § 2674(d)(2). This certification authority is delegated to the U.S. Attorney for the district where the suit is brought. 28 C.F.R. § 15.4(a).

the government filed a certification by the U.S. Attorney for the Middle District of Florida averring that Lozada and Bellaire acted within the scope of their federal employment at all times relevant to Burns's complaint.

The following day, the government filed a notice of substitution, informing the court that "the United States is hereby substituted for the defendants Moira Lozada and Parker Bellaire" under 28 U.S.C. § 2679(d)(3).  The notice of substitution asserted that the Federal Tort Claims Act ("FTCA") governed Burns's state-law defamation claims.  In support of substitution, the government attached the U.S. Attorney's certification about Lozada and Bellaire's actions.  On January 8, the district court ordered the United States substituted as a party and dismissed Lozada and Bellaire as defendants.

Also on January 8, the United States moved to dismiss Burns's claims for lack of subject matter jurisdiction under the FTCA.  First, the government argued Burns had not exhausted his administrative remedies prior to filing suit, as required by the FTCA.  See 28 U.S.C. § 2675(a) (providing an "action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency").  Second, the government argued the FTCA did not waive the United States' sovereign immunity for libel and slander claims, including defamation.  See 28 U.S.C. § 2680(h) (barring "[a]ny claim arising out of . . . libel [or] slander").

Burns never responded to the United States' motion to dismiss.  On February 5, four weeks after the filing of the motion to dismiss, the district court granted the United States' motion and dismissed Burns's complaint for lack of subject matter jurisdiction.  The district court noted that Burns should have filed a timely response to the motion to dismiss within 14 days.  See M. D. Fla. R. 3.01(b).

On February 8, Burns moved for relief from this judgment under Federal Rule of Civil Procedure 60(b).  He argued the United States' notice of substitution and motion to dismiss failed to comply with Local Rule 3.01(g), which requires a moving party to confer with opposing counsel before filing a motion.  In the motion, Burns's attorney asserted that she owed the government's "faulty" motion no response and that she had "miscalculated the time to file a response."  Burn's counsel also claimed she was "preparing a response" when the order of dismissal issued.

Next, Burns argued he should have been able to challenge the notice of substitution's assertion that Lozada and Bellaire acted within the scope of their employment when they allegedly defamed him.  He asked the court to order discovery and hold an evidentiary hearing on the scope of employment issue and re-join Lozada and Bellaire as defendants.

4

Also on February 8, Burns filed a belated objection to the United States' motion to dismiss. He argued that Lozada and Bellaire did not act in the scope of their employment when defaming him.

The district court denied Burns's motion for relief from the judgment in August 2019. The court held first that the government was not required to confer with Burns before filing a motion to dismiss under the language of Local Rule 3.01(g). The court also held the government was not required to confer with Burns before filing a notice of substitution, because this notice was not a motion within the meaning of Rule 3.01(g).

Next, the court rejected Burns's argument that he was entitled to respond to the government's notice of substitution before the United States replaced Lozada and Bellaire as the sole defendant. The court reasoned that 28 U.S.C. § 2679(d) requires substitution upon certification. But the court also noted that Burns could have subsequently challenged the substitution "by filing a motion contesting it, by responding to the motion to dismiss, or in any other fashion." Finally, the court held Burns had established no basis for relief under Rule 60(b)(1), because his excuses for failing to file a timely response to the motion to dismiss were "contradictory" and did not constitute excusable neglect.

Burns timely appealed the order of substitution, the order dismissing his complaint for lack of jurisdiction, and the denial of relief from the judgment.

5

**II.**

We review de novo a district court's order granting a motion to dismiss for lack of subject matter jurisdiction. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). We review for abuse of discretion a district court's denial of a Rule 60(b) motion for relief from a judgment. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir. 2001).

**III.**

On appeal, Burns raises three issues. First, he argues the district court should have held a hearing before substituting the United States for defendants Lozada and Bellaire. Next, he says the district court should not have dismissed his action for lack of jurisdiction. Finally, he says the district court should have granted his Rule 60(b) motion for relief from the dismissal order.

A.

28 U.S.C. § 2679 "makes clear that where . . . a federal employee acts within the scope of his or her employment, an individual can recover only against the United States" through the FTCA. See Matsushita Elec. Co. v. Zeigler, 158 F.3d 1167, 1169 (11th Cir. 1998). Section 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

6

The Attorney General has delegated the power to certify employees' actions as within the scope of employment to the United States Attorneys under 28 C.F.R. § 15.4(a).

Burns argues he was entitled to a hearing before the district court ordered substitution of defendants Lozada and Bellaire. We reject this assertion. "[U]nder § 2679(d)(1), the district court [is] required to substitute the United States as a defendant for [the defendant federal employee] once the United States Attorney ha[s] certified that [the employee's] actions occurred within the scope of his employment." Matsushita Elec. Co., 158 F.3d at 1169. The language of § 2679(d)(1) is mandatory and provides that the United States "shall be substituted" upon certification. See Kingdomware Techs., Inc. v. United States, 579 U.S. ___, 136 S. Ct. 1969, 1977 (2016) (noting that the word "shall" is mandatory language and "usually connotes a requirement").

Burns says the Supreme Court's decision in Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 115 S. Ct. 2227 (1995), prohibits a district court from "rubber stamp[ing]" the government's certification that its employees were acting within the scope of their employment. Appellant's Br. at 16–17. Burns is right that Lamagno provided for "judicial review of scope-of-employment certifications" in federal court. 515 U.S. at 436, 115 S. Ct. at 2237. The Lamagno Court sought to prevent the United States from using certification to avoid liability

7

altogether when a plaintiff's claims against the government are barred by sovereign immunity under the FTCA, but not barred against individual employees. See id. at 427, 115 S. Ct. at 2232–33. But Lamagno contemplated that plaintiffs would "present to the District Court their objections to the Attorney General's scope-of-employment certification." Id. at 436–37, 115 S. Ct. at 2237. Here, Burns never presented any objection to certification until the time for such objection had passed. Thus, the district court did not "rubber stamp" the government's certification. Instead, it understandably considered the certification uncontested.

Burns also says our Court's decision in S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538 (11th Cir. 1990), opinion amended by 924 F.2d 1555 (1991), requires the district court to hold a hearing on scope of employment issues prior to substitution. To the contrary, Lehtinen held that "[u]nless the plaintiff challenges the scope determination, the court is entitled to treat the Attorney General's certification as prima facie evidence that the employee conduct at issue occurred within the scope of the employment." Id. at 1543. Unlike the plaintiff in Lehtinen, see id. at 1539, Burns never challenged the scope-of-employment issue—or any issue—until after his case was dismissed.

As the government points out, Burns could have challenged the certification and substitution of the United States through an opposition to the government's motion to dismiss, an objection to the substitution, or a motion to strike the U.S.

8

Attorney's scope-of-employment certification.  See, e.g., Flohr v. Mackovjak, 84 F.3d 386, 388–89 (11th Cir. 1996) (describing a challenge to the scope-of-employment determination through a motion to strike the U.S. Attorney's certificate).  Burns did not seize these opportunities until more than two weeks after his deadline to respond to the motion to dismiss had passed.  Thus, we see no error in the district court's decision to dismiss Lozada and Bellaire and substitute the United States as the sole defendant.

B.

Burns also argues the district court erred by granting the government's motion to dismiss for lack of subject matter jurisdiction.  We are not persuaded.

The "intentional tort exception" to the FTCA provides that the United States maintains its sovereign immunity and cannot be sued for "[a]ny claim arising out of . . . libel[ or] slander."  28 U.S.C. § 2680(h); see Alvarez v. United States, 862 F.3d 1297, 1301–02 (11th Cir. 2017) (explaining intentional tort exception).  Burns's complaint alleged claims of defamation.  After substitution of the United States as the sole party, Burns's defamation claims were "barred by the FTCA's exception from liability of claims arising out of libel or slander."  See O'Ferrell v. United States, 253 F.3d 1257, 1263 n. 4, 1265–66 (11th Cir. 2001) (quotation marks omitted and alterations adopted).  Without the United States' consent to be sued for defamation, Burns's claims were due to be dismissed for lack of subject

9

matter jurisdiction.  Cf. Zelaya v. United States, 781 F.3d 1315, 1338 (11th Cir. 2015) (observing that when the United States has not waived sovereign immunity under the FTCA, federal courts are deprived of subject matter jurisdiction).  Thus, the district court correctly dismissed Burns's complaint.

C.

Lastly, Burns argues the district court improperly denied his Rule 60(b) motion for relief from judgment.  He says the district court should have granted his motion because it was error to substitute the United States as a party without giving Burns the opportunity to object.  As set forth above, it was proper for the district court to automatically substitute the United States as a party upon the government's certification that Lozada and Bellaire's actions were within the scope of their employment.  As a result, the district court did not abuse its discretion by denying Burns's Rule 60(b) motion.

Importantly, Burns does not argue on appeal that his Rule 60(b) motion established excusable neglect for his failure to file a response to the United States' motion to dismiss.  Since Burns abandoned this argument, we cannot review the district court's excusable neglect determination in order to consider whether Burns should have been able to raise his objections to the scope-of-employment certification in an untimely manner.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("[I]t is well settled in this circuit that a party

10

abandons an issue by failing to list or otherwise state it as an issue on appeal."

(quotation marks omitted)).  For these reasons, we affirm the dismissal of Burns's

complaint and the denial of his Rule 60(b) motion.

**AFFIRMED.**