[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14370

_____

D.C. Docket No. 06-00206-CV-AAA-2

JAMES H. SCHIEFER,

Plaintiff-Appellee,

versus

THE UNITED STATES OF AMERICA,
BRUCE BOWEN, Assistant Director of
FLETC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 29, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,* District Judge.

_____

    * Honorable John Antoon, II, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

The United States of America appeals the district court's interlocutory orders denying the government's motion to substitute the United States as the proper defendant because defendant Bruce Bowen ("Bowen") was not acting within the scope of his employment when he made certain allegedly defamatory comments to a fellow employee. After a careful review of the record and consideration of the parties' briefs and oral arguments, we conclude that the district court did not err in denying the government's motion.

I.

This case involves a suit by James H. Schiefer ("Schiefer"), a federal employee, against the United States, the Department of Homeland Security, the Federal Law Enforcement Training Center ("Training Center"), and six individually named employees of the Training Center. The complaint states three causes of action.[1] The present appeal relates solely to a state law defamation claim against the individually named defendants.

The U.S. Attorney filed a Notice of Substitution pursuant to 28 U.S.C. §

---

[1] These claims are: (1) a state law defamation claim against the six named individual defendants for stating that Schiefer had falsified information in his promotion application; (2) a violation by the government of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), by allegedly firing Schiefer in retaliation for his participation in an FLSA lawsuit; and (3) a violation by the government of the Privacy Act, 5 U.S.C. § 552a(b), for allegedly disclosing, intentionally and willfully, information contained in Schiefer's personnel records.

2679(d)(1),[2] based on a certification that each of the individual defendants was acting within the scope of his or her federal employment during the events at issue in this case.  The Notice substituted the United States as the proper defendant and stated that the action with respect to the defamation claim should proceed as a claim under the Federal Tort Claims Act ("FTCA") against the United States as the sole defendant.

Schiefer challenged the certification, relying in part on testimony from an employee that seemed to contradict the U.S. Attorney's certification that Bowen was acting within the scope of his employment when he made certain statements to that employee.  The district court considered the testimony and relevant state law regarding scope of employment and rejected the certification and substitution with respect to Bowen.[3]  The sole issue before the Court is whether the district court erred in rejecting the U.S. Attorney's certification that defendant Bowen was

---

[2] 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

[3]  The district court allowed the certification as to the other individual defendants.  As a consequence, Bowen is the sole remaining individual defendant in the case.

acting within the scope of his employment at the time the alleged defamation occurred.[4] We do not believe it did.

## II.

A brief review of the facts is instructive. Schiefer is an employee at the Training Center in Georgia. In February 2005, Schiefer applied, and was recommended, for a promotion from GS-12 to GS-13, and following standard procedure, the Center conducted a background investigation once the selection panel approved Schiefer for the promotion. During the investigation, the Center's investigator was unable to verify the educational background listed on Schiefer's promotion application.

In March 2005, the position was "realigned to another area" and filled by a different applicant. Thereafter, in July 2005, Schiefer was given a notice of proposed removal for falsifying the level of his education on his application. Schiefer was eventually removed from his position in September 2005.[5]

---

[4] The immunity afforded to federal employees by the Westfall Act applies in cases in which the federal employee is alleged to have defamed the plaintiff. See S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1542 (11th Cir. 1990), amended, 924 F.2d 1555 (11th Cir.), cert. denied, 502 U.S. 813 (1991).

[5] Schiefer appealed his discharge to the Merit Systems Protection Board ("MSPB"), seeking reinstatement to his GS-12 position, backpay, and attorneys fees. An Administrative Judge ("AJ") reversed the Training Center's discharge in March 2007. The AJ found the Center's investigator was not credible, and ordered that Schiefer be reinstated — with full back pay, interest, and appropriate adjustments to benefits — to his original GS-12 position retroactive to his discharge date of September 23, 2005. The government appealed, and the MSPB affirmed

Steve Didier ("Didier"), a former Training Center employee who was himself discharged from the Training Center in May 2006 for lying on an application and who was subordinate to Bowen when he was at the Center, testified that Bowen disclosed to him that Schiefer had falsified his level of education on his application for promotion. Didier stated that on two separate occasions prior to Schiefer's removal in September 2005 Bowen told him that Schiefer had lied on his promotion application. Didier also testified that he had no business related reason to know about the charges against Schiefer.

Schiefer acknowledged that he himself told at least one colleague the same information. Two of Schiefer's colleagues stated that Schiefer had told them that there was a problem with his promotion application because of statements he made regarding his education level. Didier also acknowledged that the information was "common knowledge" and a "hot topic" around the Center. Nevertheless, the district court considered Didier's testimony sufficient to rebut the U.S. Attorney's certification that Bowen acted within his scope of employment when he revealed to Didier that Schiefer had lied on his promotion application. See Flohr v. Mackovjak, 84 F.3d 386, 390 (11th Cir. 1996) ("[T]he Attorney General's certification is *prima facie* evidence that the employee acted within the scope of

the AJ's decision on the merits.

5

his employment . . . and [t]he burden of . . . proving that the employee acted outside the scope of employment is . . . on the plaintiff.").

The determination of whether an employee's actions are within the scope of employment involves a question of law as well as fact. S.J. & W. Ranch, Inc., 913 F.2d at 1542. We thus review *de novo* a district court determination regarding the scope of employment. Nadler v. Mann, 951 F.2d 301, 305 (11th Cir. 1992), citing Int'l Ins. Co. v. Johns, 874 F.2d 1447, 1453 (11th Cir. 1989) (mixed questions of law and fact are subject to plenary review). When reviewing a mixed question of law and fact, however, "we review the district court's findings of fact for clear error and construe the evidence in the light most favorable to the party prevailing below." United States v. Delancy, 502 F.3d 1297, 1304 (11th Cir. 2007).

Whether an employee's actions are within the scope of his employment for purposes of the Act is an issue governed by the law of the state where the incident occurred. S.J. & W. Ranch, Inc., 913 F.2d at 1543. The determination of scope of employment by the district court must be based on the facts as determined by the district court, rather than upon the mere allegations of the complaint. Osborne v. Haley, 127 S. Ct. 881, 898 (2007) ("Were it otherwise, a federal employee would be stripped of suit immunity not by what the court finds but by what the complaint alleges.").

Under Georgia law, the law applicable in the instant action, "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." Ga. Code Ann. § 51-2-2. An employer is liable for negligent or intentional torts committed by an employee only if the torts were committed in furtherance of, and within the scope of, the employer's business. Piedmont Hosp., Inc. v . Palladino, 276 Ga. 612, 613, 580 S.E.2d 215, 217 (2003). An employer cannot be held liable on the basis of *respondeat superior* if the employee's acts (1) were committed for purely personal reasons associated solely with the employee's own gratification, and (2) were entirely disconnected from the scope of the employee's employment. Id.

Having reviewed the record, we agree with the district court that at the time they were made Bowen's statements to Didier went beyond the scope of his employment at the Training Center. Although Bowen denied making the statements to Didier, the district court found Didier's account more credible. Didier explained that Bowen revealed the information to Didier in the context of discussions regarding a separate Fair Labor Standards Act ("FLSA") lawsuit against the government in which both Schiefer and Didier were plaintiffs. Not only did Didier testify that he had no business reason to know the status of

7

Schiefer's promotion application, it appears that Bowen revealed such information as part of an effort to discourage Didier from participating as a plaintiff in the separate FLSA suit alongside Schiefer.

At the time these discussions took place Schiefer had not yet been fired. Insofar as the job descriptions of Schiefer and Didier and their professional relationship to each other are concerned, any mention that Schiefer had lied, or had been accused of lying, on his promotion application did not further any discernible business purpose related to the Training Center.  Therefore, we find the record supports the conclusion that Didier's testimony sufficiently rebutted the U.S. Attorney's certification and the finding of the district court that Bowen made the statements and that such were not within the scope of his employment.

### III.

Accordingly, we AFFIRM the district court's denial of the government's motion to substitute the United States as the proper defendant with respect to Bowen.

AFFIRMED.