NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2738
_____

JANE DOE, Individually, and on behalf of herself and those similarly situated

v.

CENTERVILLE CLINICS INC.,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-01107)
District Judge: Hon. J. Nicholas Ranjan
_____

Argued June 3, 2024
Before:  CHAGARES, *Chief Judge*, CHUNG, and FISHER, *Circuit Judges*.

(Filed: August 6, 2024)

Matthew S. Freedus  [ARGUED]
Khatereh S. Ghiladi
Rosie D. Griffin
Feldesman Leifer
1129 20th Street NW
Suite 400
Washington, DC 20036
        *Counsel for Appellant*

James Gerald Stranch, IV
Michael C. Iadevaia  [ARGUED]
Stranch Jennings & Garvey
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203

Lynn A. Toops
Cohen & Malad
One Indiana Square
Suite 1400
Indianapolis, IN 46204
        *Counsel for Appellee*

Dana Kaersvang  [ARGUED]
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
        *Counsel for Amicus Curiae*

_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Plaintiff Jane Doe, on behalf of herself and a putative class of similarly situated individuals, sued Centerville Clinics in Pennsylvania state court. Doe alleged that Centerville embedded tracking software on its website and patient portal to gather personal data—including personal medical information—from its patients, which it then transmitted to Facebook for use in advertising in violation of Pennsylvania law.[1] Centerville removed the case to federal court, invoking the Federally Supported Health

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The complaint asserted state law causes of action for invasion of privacy; intrusion upon seclusion; breach of implied contract; unjust enrichment; breach of fiduciary duty; violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §§ 201-01, *et seq.*; and violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5701, *et seq.*

2

Centers Assistance Act (Health Centers Act), 42 U.S.C. § 233(*l*)(2), and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The District Court rejected these bases for removal and remanded the case to state court. For the reasons set forth below, we will affirm.[2]

I.

The District Court was required to remand to state court unless Centerville could establish that it was authorized to remove the case under the Health Centers Act or the federal officer removal statute.[3]

A.      Removal Under the Health Centers Act

Centerville argues that removal was proper under the Health Centers Act because: (1) as a "deemed" federal Public Health Service (PHS) employee,[4] it was entitled to absolute immunity from any civil action related to conduct within the scope of its employment, and (2) the Attorney General's representative appeared in state court but did

---

[2] Because Centerville asserted the federal officer removal statute as a basis for removal, we have jurisdiction to review any basis for removal the District Court addressed. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 402–03 (3d Cir. 2021) (citing 28 U.S.C. § 1447(d); *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1538 (2021)). We review orders remanding for lack of subject matter jurisdiction de novo. *Maglioli*, 16 F.4th at 403.

[3] *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court.").

[4] Federally funded community health centers and their employees, officers, and individual contractors are eligible for medical malpractice coverage under the Federal Tort Claims Act to the same extent as federal employees of the PHS. 42 U.S.C. § 233(g).

3

not make a coverage determination within the fifteen-day statutory period. Neither argument can be squared with the plain text of § 233.

Removal under the Health Centers Act is authorized "in only two circumstances."[5] First, the government may remove a case to federal court at "any time before trial" if the Attorney General appears in the state-court proceeding within fifteen days of being notified and makes an affirmative determination that the defendant is entitled to coverage under the Act.[6] Second, the defendant may remove the case itself if the Attorney General fails to appear in the state-court proceeding within fifteen days of being notified.[7]

Centerville argues that because it was a "deemed" PHS employee under § 233 when the events giving rise to this action occurred, it has the right to remove and removal under § 233(*l*)(1) should be automatic upon the Attorney General's appearance. But Centerville misreads the statute, conflating the Attorney General's prior deeming determination with its specific coverage determination.

When she timely appeared in state court, the Assistant United States Attorney (representing the Attorney General) explained that while Centerville had been deemed a PHS employee, the government had not determined under § 233(*l*)(1) whether

---

[5] *Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir. 2003).

[6] 42 U.S.C. §§ 233(c) and (*l*)(1).

[7] *Id.* § 233(*l*)(2).

4

Centerville's deemed status extends "to the acts or omissions that are the subject of this civil action."[8]

A prior annual determination under § 233(g) that Centerville is deemed a PHS employee—perhaps made well before the conduct related to the suit occurred—cannot satisfy § 233(*l*)(1)'s requirement that the government's coverage determination account for the specifics of the conduct related to the pending lawsuit. We therefore agree with the District Court that "just because Centerville has a prior determination from HHS" does not mean that the government has made its specific coverage determination "for purposes of this action."[9] Centerville cannot remove under § 233(*l*)(1).

Centerville next argues that it had a right to remove the action under § 233(*l*)(2) because the Attorney General appeared in the state-court proceeding, but did not make a specific coverage determination within the fifteen-day statutory period. But this theory ignores the plain text of the statute, which permits a state-court defendant to remove the action only "[i]f the Attorney General fails to appear in State court within the [fifteen-day] time period prescribed."[10] The text of § 233(*l*)(2) is clear: there is no requirement that the Attorney General also make a coverage determination within that period, and we decline to read that extra-textual language into the statute. The Attorney General

---

[8] Appendix ("A") 93–94 (citing 42 U.S.C. § 233(*l*)(1)).

[9] A6.

[10] 42 U.S.C. § 233(*l*)(2); *In re Price*, 370 F.3d 362, 368 (3d Cir. 2004) ("We are to begin with the text of a provision and, if its meaning is clear, end there.").

appeared within the statutory period, and so Centerville's reliance on § 233(*l*)(2) is misplaced.[11]

B.      Federal Officer Removal

Centerville argues in the alternative that removal was proper under the federal officer removal statute because it is either a federal officer, or was acting under a federal officer while engaged in the conduct at issue in this lawsuit. Neither assertion is correct.

Section 1442(a)(1) "permits certain officers of the United States to remove actions to federal court."[12] "It also allows 'private persons who lawfully assist [a] federal officer in the performance of his official duty' to remove a case to federal court."[13] The statute's "'central aim' . . . 'is to protect officers of the federal government from interference by litigation in state court while those officers are trying to carry out their duties.'"[14]

Contrary to Centerville's first assertion, it is not a federal officer in its own right. Centerville is a private health center that receives federal grant funding. While Centerville may be deemed a PHS employee, that status is only relevant "[f]or purposes

---

[11] *See, e.g.*, *Allen*, 327 F.3d at 1295 (holding that § 233(*l*)(2) "does not permit" removal where the "Attorney General did appear" within the statutory period and advised the state court "that no [coverage] decision had been made but one was forthcoming").

[12] *Maglioli*, 16 F.4th at 404.

[13] *Mohr v. Trs. of Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2024) (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 151 (2007)).

[14] *Golden v. N.J. Inst. of Tech.*, 934 F.3d 302, 309 (3d Cir. 2019) (alterations omitted) (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016)).

6

of" the Health Centers Act.[15] The fact that Centerville receives federal funds does not

otherwise transform it into a federal officer.[16]

For a private defendant, like Centerville, to remove a case under § 1442(a)(1), it

must meet four requirements:

> (1) the defendant must be a "person" within the meaning of the statute;
> (2) the plaintiff's claims must be based upon the defendant "acting under"
> the United States, its agencies, or its officers; (3) the plaintiff's claims
> against the defendant must be "for or relating to" an act under color of
> federal office; and (4) the defendant must raise a colorable federal defense
> to the plaintiff's claims.[17]

Centerville, as the party seeking removal, bears the burden of establishing that each

requirement is met.[18]

The District Court concluded that Centerville did not satisfy the fourth

requirement because it failed to raise a colorable federal defense. We agree. As explained

above, Centerville could not properly remove this action under § 233. And § 233

immunity was the sole basis Centerville provided to satisfy § 1442(a)(1)'s federal-

---

[15] 42 U.S.C. § 233(g)(1)(A).

[16] *See Watson*, 551 U.S. at 151 (distinguishing between a "private person" and a "federal officer" for purposes of removal); *Maglioli*, 16 F.4th at 404–05 (distinguishing between "private parties" and "federal actors"), *Mohr*, 93 F.4th at 104–05 (same).

[17] *Maglioli*, 16 F.4th at 404 (quoting 28 U.S.C. § 1442(a)(1)).

[18] *Frederico*, 507 F.3d at 193.

defense requirement. So Centerville has not met its burden of establishing that it raised a colorable federal defense and therefore is not entitled to removal under § 1442(a)(1).[19]

## II.

For these reasons, we will affirm the District Court's order granting Doe's motion to remand.

---

[19] The parties, including the United States as amicus, provided the Court with helpful supplemental briefing addressing whether § 233's removal framework should be read to foreclose Centerville's reliance on § 1442(a)(1) as a separate and independent basis for removal. This Court has not yet spoken to § 233's potential exclusivity as a means of removal. Because Centerville was not entitled to remove under either statutory scheme, however, we need not reach this question to resolve this appeal and therefore decline to do so.